CARLO BIANCHI and COMPANY, Inc., Central Construction Co., Lawrence Munroe-Langstroth, Inc., and G. L. Rugo & Sons, Inc., as Joint Venturers, Plaintiffs,

v.

The CITY OF NEW YORK, Defendant.

United States District Court
S. D. New York.
Jan. 2, 1957.

er having exhausted their administrative remedies through three years of proceedings, the plaintiffs brought their action in this court, invoking our diversity jurisdiction.

The complaint is a long one and, in parts, inclined to a narrative recital of the events. The artful pleader might regard it as prolix and tautological and perhaps open to an imputation of constructive fraud in paragraph 8. However, the defendant has certainly been given notice of plaintiffs' claims and should be able to file a responsive pleading. Pre-trial discovery procedures are available to defendant and it should have no difficulty in clarifying and defining the issues and in preparing adequately for trial.

Accordingly, defendant's motions are denied. Submit order on notice.

---

Robert L. Graham, Jr. and Robert W. Knox, New York City, for plaintiff.

Peter Campbell Brown, Corporation Counsel, New York City, for defendant.

PALMIERI, District Judge.

This is a motion to strike the complaint on the grounds that it is fraught with immaterial matter and that it fails to state plainly a claim upon which relief can be granted. In the alternative, the defendant moves for a more definite statement of the plaintiffs' claims. See Fed.Rules Civ.Proc. rule 12(e) and (f), 28 U.S.C.A. The motions are denied.

The litigation involves a dispute over a contract for extensive dam construction work entered into in 1950 between the plaintiffs and the Board of Water Supply of the City of New York (hereinafter called "Board"). The plaintiffs seek compensation for extra work caused by alleged breaches by the Board of its contractual duties to the plaintiffs. Aft-